**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1029
_____

OMAR N. DAVIS,
                    Appellant

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:14-cv-07797)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 19, 2019
_____

Before:  CHAGARES, MATEY, and FUENTES, <u>Circuit Judges</u>.

(Filed:  November 21, 2019)

_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Omar Davis claims he was deprived effective assistance of counsel during criminal pretrial proceedings because he was not informed of his maximum sentence exposure if he were convicted at trial. For the reasons that follow, we will affirm the District Court's denial of habeas relief.

I.

We write for the parties and so recite only the facts necessary to our disposition. On April 8, 2000, police found a body by the passenger side of a car in Davis' parents' driveway. The victim had multiple gunshot wounds and died soon thereafter. Davis was indicted on charges relating to this death.

Davis testified on his own behalf at trial in New Jersey state court, denying his guilt and indicating that he was at a bar for most of the night in question. Davis stated that he had a brief conversation with the victim that night but did not see the victim after that. A jury convicted Davis of first-degree murder and second-degree possession of a weapon for an unlawful purpose. Davis was sentenced to a term of life imprisonment with a thirty-year period of parole ineligibility on the first count and a concurrent ten-year sentence on the second count.

After losing his direct appeal, Davis filed a petition for post-conviction relief ("PCR") in New Jersey state court, claiming, as relevant here, that his trial counsel was ineffective because she did not inform Davis of his sentence exposure if he were convicted at trial. The PCR court denied relief without ordering an evidentiary hearing, finding that Davis maintained his innocence pre-trial, at trial, and at sentencing, and that

2

his position continued through the time of his PCR hearing.  On the basis of these assertions of innocence, the PCR court concluded that it could not "say there is a reasonable probability that . . . but for counsel telling him that he faced a life sentence, that there would've been a different result."  Appendix ("App.") 643a.  The New Jersey Superior Court Appellate Division (the "Appellate Division") affirmed, relying on State v. Taccetta, 975 A.2d 928, 935 (N.J. 2009), to hold that Davis was "legally disabled from taking a plea offer" because he "maintained his innocence throughout the trial and sentencing and cannot now argue he would have taken a favorable plea."  App. 138a.  The New Jersey Supreme Court denied certification.

Davis then petitioned for habeas relief under 28 U.S.C. § 2254, which the District Court denied.  This timely appeal followed.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and we have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253.  Where, as here, the District Court based its decision on the state court record without holding an evidentiary hearing, we apply a plenary standard of review.  Branch v. Sweeney, 758 F.3d 226, 232 (3d Cir. 2014).  But while our review of the District Court's decision is plenary, we analyze the state court's decision with "considerable deference" in light of the Antiterrorism and Effective Death Penalty Act of 1996.  Palmer v. Hendricks, 592 F.3d 386, 391–92 (3d Cir. 2010) (quotation marks omitted).

3

## III.

Davis argues that under Strickland v. Washington, 466 U.S. 668 (1984), his trial counsel was ineffective for failing to inform him of his maximum sentence exposure if he proceeded to trial — specifically, had Davis known the sentence he was facing, he would have accepted a plea agreement. We review Davis' claim of ineffective assistance of counsel "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)[] standard." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

Under Strickland, in order to show ineffective assistance of counsel, the defendant must demonstrate that counsel's performance was constitutionally deficient. 466 U.S. at 687. In reviewing counsel's actions, we are "highly deferential" and presume that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Our inquiry is limited to "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011). The defendant must also show that the deficient performance prejudiced him — that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

For claims subject to § 2254(d), "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable," which is "different from asking whether defense counsel's performance fell below Strickland's standard." Richter, 562 U.S. at 101. Under § 2254(d), federal habeas relief may not be granted unless the earlier state court's decision "was contrary to, or involved an unreasonable application of,

4

clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). Here, we cannot say that the Appellate Division's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law." Richter, 562 U.S. at 103.

The Appellate Division held that Davis could not meet Strickland's prejudice prong because he consistently maintained his innocence, including "denying his guilt and indicating his whereabouts away from the crime scene on the night of the shooting" during his testimony at trial. App. 134a. As the Taccetta court explained, "[t]he notion that a defendant can enter a plea of guilty, while maintaining his innocence, is foreign to our state jurisprudence" and "[c]ourt-sanctioned perjury is not a permissible basis for the entry of a plea in [New Jersey]." 975 A.2d at 935.

Applying Taccetta, the Appellate Division concluded that Davis could not have accepted a favorable plea deal as a matter of New Jersey law. We cannot "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. Here, we can find no such violation. Davis asserts no federal right to plead guilty in this circumstance. See North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970) ("States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.").

5

Accordingly, it was not unreasonable for the Appellate Division to conclude that Davis failed to show any prejudice from the alleged failure of counsel to provide him with an accurate explanation of his sentence exposure. Davis had maintained — and continues to maintain — his innocence and is thereby prohibited under New Jersey law from pleading guilty. See Taccetta, 975 A.2d at 935. There can be no prejudice if counsel's deficient performance merely deprived Davis of the opportunity to do something that would have been legally prohibited. See Nix v. Whiteside, 475 U.S. 157, 175 (1986) (explaining that a defendant who is "persuaded or compelled to desist from perjury . . . has no valid claim that confidence in the result of his trial has been diminished" and thus cannot claim prejudice).[1]

IV.

For these reasons, we will affirm the judgment of the District Court.

---

[1] Davis also argues that his trial counsel did not communicate a plea offer to him, and, therefore, was ineffective on this basis as well. Because this argument was not raised in Davis's original or amended petition for a writ of habeas corpus, we deem such argument forfeited and will not consider it. See Del. Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal."). Even if we were to consider this argument, however, the above analysis applies with equal force.

6